**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:01CR268-DJS |
| | ) | |
| **FREDERICK WASHINGTON,** | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

On November 1, 2001, petitioner Frederick Washington pled guilty to Count I of the three-count Superseding Indictment, a charge of being a felon in possession of a firearm. Petitioner's plea agreement stated, among other facts, that a search of petitioner's vehicle revealed a fully-loaded Smith & Wesson .38 special revolver, and ten to twelve individually wrapped chunks of a solid chalky colored substance. The plea agreement further stated that the "parties acknowledge that crack cocaine was seized from Washington's car on December 5, 2001, but disagree as to whether it was possessed by Washington in connection with the offense in this case. This issue shall be left open for evidence and argument at sentencing." Doc. #56, Stipulation of Facts Relative to Sentencing, ¶ 3, p. 3. A presentence report was thereafter prepared by the probation officer. The presentence report included the view that petitioner's possession of the crack

cocaine was in connection with the firearm charge, and recommended a four-level enhancement pursuant to §2K2.1(b)(5) of the United States Sentencing Guidelines.[1] At sentencing, petitioner did not object to that portion of the presentence report, nor did he offer any evidence or argument to suggest that his possession of the crack cocaine was not in connection with the firearm charge. Accordingly, the Court added four levels to petitioner's offense level pursuant to §2K2.1(b)(5).

Now before the Court is petitioner's motion for a correction of his sentence [Doc. #76], in which he contends that the Court erred by adding four levels to his offense level pursuant to §2K2.1(b)(5). Petitioner states that he was convicted only on the firearm charge, and argues that since the Court never made a judicial determination connecting the firearm to another felony, the §2K2.1(b)(5) enhancement was improper. Petitioner argues that, as a result, his total base offense level should have been 21, not 25, and that his guideline range should have been 70 to 87 months, not 100 to 120 months.

The Court's authority to change or reduce a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3582(c). Because those

---

[1] Section 2K2.1(b)(5) of the applicable Guideline Manual stated, "If the defendant...possessed any firearm...in connection with another felony offense; or possessed...any firearm...with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels."

provisions do not allow a reduction of sentence for the reasons cited by petitioner here, the Court lacks the authority to alter petitioner's sentence in the manner he requests.

Further, in this case, petitioner stipulated to the facts underlying the conviction and to the conviction itself, and accepted the benefit of the plea agreement. Although petitioner's plea agreement left open for evidence and argument at sentencing the issue of whether the crack cocaine seized from his car was possessed in connection with the offense stated in Count I, he failed to raise an objection to the §2K2.1(b)(5) enhancement at the sentencing. Consequently, petitioner waived any objections to the §2K2.1(b)(5) enhancement as such objections were never argued or presented to the Court at sentencing. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for a correction of sentence [Doc. #76] is denied.

Dated this ___12th___ day of March, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE